FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 04 2012 ★
LONG ISLAND OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NATASHA STEWART,

                Plaintiff,

      -against-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
---------------------------------------------------------------X
FEUERSTEIN, J.

**ORDER**
10-CV-3922 (SJF)

On August 18, 2010, pro se plaintiff Natasha Stewart ("plaintiff") commenced this action pursuant to 42 U.S.C. § 405(g) and/or § 1383(c)(3), seeking judicial review of defendant Commissioner of the Social Security Administration's (the "Commissioner" or "defendant") determination that she has been disabled since August 30, 2006. Before the Court is the Commissioner's motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b) ("Def. Br.") [Docket Entry No. 13]. For the reasons that follow, the Commissioner's motion is granted.

I.      Background

Plaintiff was born in 1971, Administrative Transcript [Docket Entry Nos. 10-11] ("Tr.") at 446, and states that she has a "history" of mental illness that "dates back to before 2001." Plaintiff's Opposition to Motion to Dismiss [Docket Entry No. 18] ("Pl. Br.") at 2. Plaintiff

1

states that she was diagnosed with "schizophrenia paranoia type" and depression in 2002, id., and she was hospitalized at Queens Hospital Center from October 9, 2002 to October 23, 2002, see Tr. 194. The record reflects that plaintiff sought psychiatric treatment again on March 29, 2006 and April 22, 2006, when she visited Albert Einstein Medical Center in Philadelphia for depression. See Tr. 139-87. Plaintiff stated that she worked in "various retail jobs" from 2001 through July 2006, and that she stopped working because her medication made her "very lethargic." Tr. 45, 53-55, 59-61.

Plaintiff filed claims for Supplemental Security Income and disability insurance benefits between August 30, 2006 and September 6, 2006, see Tr. at 442, 446-51, stating that she had been disabled since January 1, 2001, Tr. 45. Plaintiff's claims were denied, and she requested a hearing before an administrative law judge ("ALJ"). Tr. 23-24, 35-40. Plaintiff subsequently appointed attorneys Richard Harris and Carolyn Rose ("Rose") as her representatives. Tr. 22, 33.

On June 30, 2008, plaintiff appeared with Rose for a hearing before ALJ Seymour Fier. Tr. 441-44. A vocational expert and a medical expert were both present at the hearing. Tr. 442. The hearing transcript reflects that ALJ Fier first had a discussion off the record with counsel and the expert witnesses, during which it was agreed that "the claimant does meet the listings for disability entitlement *as of the date that she filed her applications.*" Tr. 442 (emphasis added). Thus, plaintiff's attorney, the experts, and ALJ Fier all agreed that plaintiff qualified for benefits only as of August 30, 2006, not as of January 1, 2001. When ALJ Fier asked whether "all parties [were] in agreement," plaintiff's counsel responded affirmatively. Id. The record reflects that counsel then stepped outside with plaintiff in order to explain the nature of the agreement. Tr. 442-43. After plaintiff and her attorney returned to the hearing room, the following exchange

2

took place on the record:

| | |
|---|---|
| ALJ: | All right. I take it you've had a conference with your claimant. |
| ATTY: | Yes, I did. |
| ALJ: | And has your claimant understood what your – what we've discussed? |
| ATTY: | Yes, she does. |
| ALJ: | And she agrees? |
| ATTY: | Yes. |
| ALJ: | Is that correct? |
| CLMT: | Yes. |
| ALJ: | Do you agree? Okay. |

Tr. at 443. On August 29, 2008, ALJ Fier issued a fully favorable decision finding that plaintiff had been disabled due to schizoaffective disorder and paranoia since August 30, 2006. Tr. 11-19. The decision stated that "a settlement was reached wherein all parties acknowledged that the claimant's earning's [sic] record showed earnings for 2006 and that her alleged disability onset date should be amended to August 30, 2006." Tr. 13. The ALJ also noted that plaintiff's Title XVI application had been withdrawn. Id.

On October 21, 2008, plaintiff – now appearing pro se – requested review of ALJ Fier's decision, claiming that she had become disabled in 2002. Tr. 7. The Appeals Council denied plaintiff's request for review on June 15, 2010. Tr. 4-6. This action followed.

II.  Discussion

Defendant argues that this case must be dismissed because ALJ Fier's decision was fully favorable, and there is therefore no case and controversy. The Court agrees.

Pursuant to 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the

3

Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision" by bringing a civil action in federal district court. However, as the Second Circuit has noted, Section 405(g) "makes no provision for judicial review of a determination favorable to the complainant." Jones v. Califano, 576 F.2d 12, 18 (2d Cir. 1978); see also Wheeler v. Heckler, 719 F.2d 595, 600 (2d Cir. 1983) ("judicial review of favorable decisions is generally unavailable"). Accordingly, the Court lacks jurisdiction to review an administrative decision that was fully favorable to plaintiff. Louis v. Comm'r of Social Security, No. 07-CV-0557, 2008 WL 1882706, at *1 (N.D.N.Y. April 24, 2008), aff'd, 349 Fed. Appx. 576, 578 (2d Cir. Oct. 16, 2009).

Although plaintiff originally alleged that her disability onset date was January 1, 2001, Tr. 45, her attorney later stipulated to a disability onset date of "the date that she filed her applications." As the ALJ ultimately determined that plaintiff had "been under a disability . . . from August 30, 2006 through the date of this decision," Tr. 19, the Commissioner's decision was fully favorable. The complaint must therefore be dismissed. See, e.g., Bruno v. Astrue, No. 09 Civ. 4690, 2010 WL 5653398 (S.D.N.Y. Sept. 16, 2010) (Report and Recommendation), adopted by 2011 WL 308372 (S.D.N.Y. Jan. 28, 2011); Louis, 2008 WL 1882706.

Plaintiff argues that she did not authorize her attorney to change her disability onset date or to withdraw her Title XVI application. See Pl. Br. at 3-4, 7. However, absent a showing of coercion or deception, plaintiff is bound by the agreement of her attorney. Zabala v. Astrue, 595 F.3d 402, 408 (2d Cir. 2010) (citing 20 C.F.R. § 416.1510(a)(3)-(4)); see also Klos v. Astrue, No. 09-CV-3039, 2010 WL 3463174, at *11 (E.D.N.Y. Aug. 30, 2010) (same). Here, there is no evidence that plaintiff was coerced or deceived. On the contrary, the record suggests that both

4

counsel and the ALJ took measures to ensure that plaintiff understood the nature of the agreement. The record reflects that counsel and plaintiff left the hearing room in order to discuss the matter. Tr. 442-43. Counsel stated that she believed plaintiff understood the stipulation, and plaintiff also indicated that she understood. Id. Furthermore, the evidence in the administrative transcript is consistent with the later disability onset date of August 30, 2006.

The Court has reviewed plaintiff's remaining arguments and finds them to be without merit.

III. Conclusion

For the foregoing reasons, defendant's motion to dismiss [Docket Entry No. 14] is granted. To the extent that plaintiff's letter dated August 12, 2011 [Docket Entry No. 25] can be construed as a motion for summary judgment, the motion is denied, and the Commissioner's motion to stay [Docket Entry No. 26] is denied as moot. The Clerk of Court is directed to close this case.

**SO ORDERED.**

/s/ SANDRA J. FEUERSTEIN

Sandra J. Feuerstein
United States District Judge

Dated:    January 4, 2012
          Central Islip, New York